# Exhibit 2

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
:
IN RE:  CREDIT DEFAULT SWAPS      :
ANTITRUST LITIGATION          :    Master Docket No.:  13 MD 2476 (DLC)
:
This Document Relates To:  All Actions  :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**STIPULATION AND AGREEMENT OF SETTLEMENT WITH**
**BARCLAYS BANK PLC**

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

### 1.    RECITALS

This Stipulation and Agreement of Settlement ("Agreement") is made and entered into on September 30, 2015 ("Execution Date"), between (i) on the one hand, Co-Lead Counsel in the Action, as defined below, on behalf of Plaintiffs Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System (collectively, "Class Plaintiffs"), for themselves individually and, subject to Court approval, on behalf of all Settlement Class Members as defined herein, and, (ii) on the other hand, Defendant Barclays Bank PLC ("Settling Defendant").    Class Plaintiffs and Settling Defendant are collectively referred to herein as the "Parties."   This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, beginning in and around May 2013, numerous putative class actions were filed against Settling Defendant and other Defendants, including *Sheet Metal Workers Local No. 33 Cleveland District Pension Plan v. Bank of Am. Corp., et al.*, No. 1:13-cv-03357 (N.D. Ill.) on May 3, 2013 (the "Initial Actions");

WHEREAS, on October 16, 2013, the U.S. Judicial Panel on Multidistrict Litigation transferred those Initial Actions to the United States District Court for the Southern District of New York for coordinated or consolidated proceedings before Judge Denise Cote;

WHEREAS, on December 13, 2013, the Court ordered that the Initial Actions, together with additional related actions that had subsequently been filed, be consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, appointed Salix Capital US, Inc. and Los Angeles County Employees Retirement Association as Lead Plaintiffs,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

appointed Quinn Emanuel Urquhart & Sullivan, LLP as "Lead Counsel for Lead Plaintiffs" and the putative class, and further appointed Pearson, Simon & Warshaw, LLP as "Co-Lead Counsel" (these two firms are referred to collectively herein as "Co-Lead Counsel");

WHEREAS, on January 31, 2014, Class Plaintiffs filed a Consolidated Amended Class Action Complaint against Defendants asserting claims under Sections 1 and 2 of the Sherman Act and for unjust enrichment;

WHEREAS, on March 14, 2014, Defendants moved to dismiss the Consolidated Amended Class Action Complaint;

WHEREAS, on April 11, 2014, Class Plaintiffs filed a Second Consolidated Amended Class Action Complaint again asserting claims against Defendants under Sections 1 and 2 of the Sherman Act and for unjust enrichment;

WHEREAS, on May 23, 2014, Defendants moved to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on September 4, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss the Second Consolidated Amended Class Action Complaint, dismissing Lead Plaintiffs' claim for violation of Section 2 of the Sherman Act and certain claims for damages, but permitting the case to proceed as to Lead Plaintiffs' claims for violation of Section 1 of the Sherman Act and unjust enrichment;

WHEREAS, Settling Defendant has vigorously denied and continues vigorously to deny each and all of the claims and allegations of wrongdoing made in the Action and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

WHEREAS, Co-Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, that: (1) it is in the best interest of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Settling Defendant under this Agreement, are obtained for the Settlement Class; and (2) the settlement set forth in this Agreement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class;

WHEREAS, Settling Defendant, while denying that it has any liability for the claims asserted against it in the Action, and believing that it has good defenses to those claims, but recognizing that continued litigation of the Action is likely to be extraordinarily expensive and time-consuming for it, has agreed to enter into this Agreement to avoid the further expense, inconvenience, risk and distraction of burdensome and protracted litigation, and thereby to put fully to rest with finality this controversy by obtaining complete dismissal of the Second Consolidated Amended Class Action Complaint as to Settling Defendant and a release by Settlement Class Members of all Released Claims;

WHEREAS, this Agreement is the product of arm's-length negotiations between Co-Lead Counsel and Settling Defendant's Counsel, and this Agreement embodies all of the terms and conditions of the settlement agreed upon between Settling Defendant and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Class and each member thereof;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Class and each member thereof), by and through Co-Lead Counsel, and Settling Defendant that, subject to the approval of the Court, the Action be settled, compromised,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

and dismissed with prejudice as to Settling Defendant and the other Released Parties only, without costs, except as stated herein, and releases and covenants not to sue be extended, as set forth in this Agreement.

### 2. DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a) "Action" means *In re Credit Default Swaps Antitrust Litigation*, No. 13-MD-2476, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and/or consolidated in the future.

(b) "Agreement" means this Stipulation and Agreement of Settlement, together with any exhibits attached thereto, which are incorporated herein by reference.

(c) "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Settlement Fund pursuant to a plan of distribution ultimately approved by the Court.

(d) "CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures.

(e) "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the-counter ("OTC") or via inter-dealer brokers, a centralized clearinghouse, a central limit order book ("CLOB"), an exchange, a swap execution facility (SEF), or any other

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS. "Potential CDS Transaction" means any CDS Transaction for which an offer or quote was obtained or sought, regardless of whether such transaction was actually entered into or executed with the party from which such offer was obtained or sought.

(f)     "Class Plaintiffs" means Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

(g)     "Co-Lead Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP and Pearson, Simon & Warshaw, LLP.

(h)     "Court" means the United States District Court for the Southern District of New York.

(i)     "Covered Transaction":  A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances:  (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (*e.g.*, had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such purchase or sale otherwise falls within the scope of the U.S. antitrust laws.

(j)     "Defendants" means Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, N.A.;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC; Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit"); and any other Person or Persons who are named as defendants in the Action at any time up to and including the date a Preliminary Approval Order is entered. "Dealer Defendants" means all of the foregoing with the exception of ISDA and Markit.

(k) "Effective Date" or "Effective Date of Settlement" means the first business day following the date the Final Judgment and Order of Dismissal has become final and unappealable, either because (i) the prescribed time for commencing any appeal has expired and no appeal has been filed; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this Paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise. The finality of the Final Judgment and Order of Dismissal shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

(l) "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

(m) "Escrow Agent" means Signature Bank.

(n)   "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

(o)   "Fee and Expense Application" has the meaning given to it in Paragraph 8(a).

(p)   "Final Judgment and Order of Dismissal" means the order of the Court finally approving the Settlement set forth in this Agreement and dismissing the claims of Class Plaintiffs and all Settlement Class Members against Settling Defendant, which is to be identical in all material respects to the form attached hereto as Exhibit B or as modified by agreement of the Parties.

(q)   "Final Order Date" means the date the Court enters the Final Judgment and Order of Dismissal.

(r)   "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

(s)   "Notice" means the Notice of Proposed Settlement of Class Action to be provided to the Class in a manner acceptable to the Parties and approved by the Court.

(t)   "Parties" means Settling Defendant and Class Plaintiffs.

(u)   "Person" means any individual or entity.

8

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(v)    "Preliminary Approval Order" means an order of the Court that is in all material respects substantially the same as the form attached hereto as Exhibit A, and which preliminarily approves the settlement set forth in this Agreement and directs Notice thereof to the Settlement Class.

(w)    "Released Claims" shall have the meaning specified in Paragraph 4(d) below.

(x)    "Released Parties" means Settling Defendant and all of its respective past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and all of their respective officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.  Released Parties does not include any of the other Defendants.

(y)    "Releasing Parties" means individually and collectively each Settlement Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether the Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court.  In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of this Agreement shall bind the Employee Benefit Plan and all Persons who may have any

9

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants.

(z)      "Second Consolidated Amended Class Action Complaint" means the Second Consolidated Amended Class Action Complaint filed in the Action on April 11, 2014.

(aa)     "Settlement" means the settlement and related terms between the Parties as set forth in this Agreement.

(bb)     "Settlement Amount" means the sum of USD $178,000,000.

(cc)     "Settlement Class" has the meaning given to it in Paragraph 3(a).

(dd)     "Settlement Class Member" means a Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself from the Settlement Class in accordance with the procedures established by the Court.

(ee)     "Settlement Class Notice" means, collectively, the Notice and Summary Notice.

(ff)     "Settlement Fund" means the escrow account established pursuant to Paragraph 5(a) of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(gg)     "Settling Defendant" means Barclays Bank PLC.

(hh)     "Settling Defendant's Counsel" means Cahill Gordon & Reindel LLP, at the address listed in the signature block below.

(ii)     "Settling Defendant's Claims" means all claims that any Settling Defendant may have against any Class Plaintiffs and Co-Lead Counsel relating to the institution, prosecution, or settlement of the Action, except for claims to enforce any terms of this Agreement and any order of the Court related to this Agreement.  Settling Defendant's Claims include claims against the Class Plaintiffs and Co-Lead Counsel relating to the institution, prosecution, or settlement of the

Action which a Settling Defendant does not know or suspect to exist in its favor as of the Effective Date, which if known by Settling Defendant might have affected its decision(s) with respect to the Settlement. With respect to any and all Settling Defendant's Claims against any and all Class Plaintiffs and Co-Lead Counsel, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Settling Defendants have expressly waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, as described below.

(jj)     "Summary Notice" means the summary notice of proposed settlement and hearing for publication acceptable to the Parties and approved by the Court.

(kk)     "Taxes" has the meaning given to it in Paragraph 10.

(ll)     "Unknown Claims" means any and all Released Claims against the Released Parties which a Releasing Party does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Party might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that

has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**3.     SETTLEMENT CLASS CERTIFICATION**

(a)     The Class Plaintiffs will seek, and Settling Defendant shall not oppose, the

Court's certification of a class as to Settling Defendant for settlement purposes only (the

"Settlement Class") pursuant to Fed. R. Civ. P. 23(b)(3), which Settlement Class as to Settling

Defendant shall be defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any purported co-conspirator, in any Covered Transaction. Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of the Agreement) and all of their respective officers, directors, management, employees, current subsidiaries, or affiliates, as well as any Person whose exclusion is mandated by law, provided that the foregoing exclusions shall not cover Investment Vehicles.

(b)     The Parties' agreement as to certification of the Settlement Class is only for

purposes of effectuating this Settlement as to Settling Defendant, and for no other purpose.

Settling Defendant retains all of its objections, arguments, and defenses with respect to any other

request for class certification, and reserves all rights to contest class certification if the

Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's

approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or

if the Settlement set forth in this Agreement otherwise fails to proceed for any other reason.  The

Parties acknowledge that there has been no stipulation to a class or certification of a class for any

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to close for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

### 4. DISMISSALS, RELEASES, AND COVENANTS NOT TO SUE BY CLASS PLAINTIFFS AND THE SETTLEMENT CLASS MEMBERS

(a)     Subject to Court approvals, Class Plaintiffs agree, on behalf of themselves and the Settlement Class Members, that this Agreement shall be in full and final disposition of: (i) the Action against Settling Defendant; and (ii) any and all Released Claims as against all Released Parties.

(b)     Upon final approval of the Settlement reflected in this Agreement, and as part of the entry of the Final Judgment and Order of Dismissal, the Action shall be dismissed with prejudice as to Settling Defendant.

(c)     The Class Plaintiffs and all Settlement Class Members shall release and shall be deemed to have released all Released Claims against all the Released Parties. In connection therewith, upon the Effective Date of Settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from

13

prosecuting in any forum any Released Claim against any of the Released Parties; and

(iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(d)   "Released Claims" means any and all manner of claims, causes of action, cross-claims, counterclaims, suits, demands, actions, rights, charges, liabilities, losses, obligations, and controversies of any kind, nature, or description whatsoever, whether known or unknown, accrued or unaccrued, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, direct or derivative, including "Unknown Claims" as defined above, whether class, individual, representative, or otherwise in nature, whether arising in law or equity or under any statute, regulation, ordinance, contract, or otherwise, for damages, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, whenever incurred, or for injunctive, declaratory, or other equitable relief, arising from or relating in any way to any conduct, acts, transactions, events, communications, occurrences, statements, omissions, or failures to act (i) occurring prior to June 30, 2014, that are alleged or that could have been alleged in the Action relating in any way to any CDS Transactions or Potential CDS Transactions; provided that the foregoing Released Claims do not include claims based on CDS Transactions or Potential CDS Transactions by Settlement Class Members where such claims involve all of the following three circumstances—the Settlement Class Members are or were not domiciled or located in the United States at the relevant time, their CDS Transactions or Potential CDS Transactions were not in or would not have been in United States commerce, and any claims based on such CDS Transactions or Potential CDS Transactions are or would have been subject only to foreign law; and

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(ii) occurring prior to the Preliminary Approval Order, relating in any way to the litigation or settlement of this Action, including, without limitation, relating in any way to any settlement discussions, the negotiation of, and agreement to, this Agreement by the Defendants, or any terms or effect of this Agreement (other than claims to enforce the Agreement).

     (e)     Without limiting the definition of "Released Claims" in Paragraph 4(d) above, Released Claims include but are not limited to any claims arising from or relating in any way to:

     (i)     any conduct by any of the Released Parties that has been or could be alleged to be or have been anticompetitive relating to, arising out of, or affecting or potentially affecting any CDS Transaction or Potential CDS Transaction;

     (ii)     any joint conduct by any of the Released Parties that has been or could be alleged to have unfairly increased the price or widened or otherwise manipulated the spread of any CDS Transaction or Potential CDS Transaction (whether such CDS Transaction or Potential CDS Transaction occurs prior or subsequent to the Final Order Date);

     (iii)     any joint conduct relating to potential or actual clearinghouses, exchanges, trading platforms and/or other entities directly or indirectly involved or potentially involved with any CDS Transaction or Potential CDS Transaction, including, without limitation, CMDX LLC, Chicago Mercantile Exchange Inc., CME Clearing, Eurex Clearing AG, LIFFE Administration and Management, NYSE Euronext Inc., Intercontinental Exchange, Inc. ("ICE"), ICE US Holding Company L.P., ICE Clear Credit LLC (formerly ICE U.S. Trust LLC), and The Clearing Corporation, and including but not limited to any conduct that has been or could be alleged to have delayed or prevented or manipulated exchange trading

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

or any other method or form of clearing, executing or trading of CDS Transactions through any means or on any actual or potential platform or trading facility;

(iv)   any joint conduct relating to potential or actual involvement, participation, or ownership in any organization, entity, working group or other group related in any way to CDS or CDS Transactions, including, without limitation, Markit, The Clearing Corporation, ICE, ICE US Holding Company L.P., ICE Clear Credit LLC (formerly ICE U.S. Trust LLC), and ISDA, including but not limited to any participation by Released Parties or any persons who were or are employees of Settling Defendant at the time on any committees, task forces, Boards, ad hoc committees, or groups of any of the foregoing organizations or entities, and including but not limited to any joint conduct relating to licensing or requests by any Person for any license(s) from Markit or ISDA;

(v)   any joint conduct relating to the ownership, use, license, sublicense, disclosure, release, or consent to release of data pertaining to CDS, CDS Transactions or Potential CDS Transactions; or

(vi)   any joint conduct relating to intellectual property ownership, licensing or sublicensing pertaining to CDS Transactions or Potential CDS Transactions, including but not limited to any decision or agreement to license or otherwise permit the use of, or to refuse to license or otherwise permit the use of, any intellectual property or data relating to CDS, CDS Transactions or Potential CDS Transactions, including the terms, if any, on which to offer, authorize or refuse licensing, sublicensing or permitted use of such intellectual property or data.

16

(f)      The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims.  Nevertheless, Class Plaintiffs and the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Class Plaintiffs and the Releasing Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

(g)      Subject to Court approvals, Settling Defendant agrees that this Agreement shall be in full and final disposition of any and all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel.  Settling Defendant shall release and shall be deemed to have released all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel.  In connection therewith, upon the Effective Date of Settlement, Settling Defendant: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel, regardless of whether Class Plaintiffs execute and deliver a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Settling Defendant's Claim against any Class Plaintiff and Co-Lead Counsel; and (iii) agrees and covenants not to sue any of the Class Plaintiffs and Co-Lead Counsel with respect to any Settling Defendant's Claims or to assist any third party in

commencing or maintaining any suit against Class Plaintiffs and Co-Lead Counsel related in any way to any Settling Defendant's Claims.

(h)     Settling Defendant may hereafter discover facts other than or different from those which it now knows or believes to be true with respect to the subject matter of Settling Defendant's Claims.  Nevertheless, Settling Defendant shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Settling Defendant's Claims, without regard to the subsequent discovery or existence of such different or additional facts.  Settling Defendant acknowledges and shall be deemed to have acknowledged, that the inclusion of this provision was separately bargained for and was a key element of the Agreement.

(i)     If at any time prior to entry of the Final Judgment and Order of Dismissal, Class Plaintiffs and/or Lead Counsel enter into a settlement with another Defendant in the Action that contains broader releases, applies to a more broadly defined class, or contains other material provisions (other than the Settlement Amount) more favorable to that Defendant than those included in favor of Settling Defendant in this Agreement, and the Court grants approval to such other settlement including its more favorable terms, the Parties agree that this Agreement shall be deemed and agreed to be amended solely for purposes of including or mirroring such additional more favorable terms.

## 5.     THE SETTLEMENT FUND

(a)     Settling Defendant shall pay or cause to be paid the Settlement Amount by wire transfer to the Escrow Agent within fifteen business days following entry of the Preliminary Approval Order.  Before any wire transfer takes place, Co-Lead Counsel shall provide Settling

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Defendant with information necessary to complete the wire transfer.  These wire-transferred funds, together with any interest earned thereon in the escrow account from the date of such wire transfer, shall constitute the Settlement Fund.  The Settlement Fund shall be established as an escrow account at Signature Bank and administered by the Escrow Agent, subject to approval by the Court.

(b)     Other than payment of the Settlement Amount in accordance with the provisions of Paragraph 5(a) above, neither Settling Defendant nor any of the Released Parties shall have any liability, responsibility, or obligation to pay or reimburse any other amounts to any Person, including but not limited to Class Plaintiffs, Co-Lead Counsel, any Settlement Class Members, or any Releasing Parties in connection with, relating to, or arising out of the Action, the Released Claims, or this Settlement.  Settling Defendant shall have no liability, obligation or responsibility whatsoever for making a payment into the Settlement Fund for any other defendant.  Settling Defendant shall have no liability, obligation, or responsibility with respect to the investment, allocation, use, disbursement, administration, or oversight of the Settlement Fund.

(c)     The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control.  With the sole exception of notice and administration costs described in Paragraph 9, and Taxes as described in Paragraph 10, no monies shall be disbursed from the Settlement Fund prior to the Effective Date and without the specific authorization of the Court, except in the event of termination of this Agreement and return of the Settlement Fund to Settling Defendant pursuant to Paragraph 11(c) below.

(d)     If the Settlement Amount is not timely transferred to the escrow account, Co-Lead Counsel may, at their discretion, (i) immediately move the Court to enforce this Agreement or (ii) terminate the Agreement, if, after Co-Lead Counsel provides notice of their intent to

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

terminate, Settling Defendant does not transfer the Settlement Amount to the escrow account within two business days.

(e)     The Settlement Fund shall be invested by the Escrow Agent in short term (up to one year maturity) United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereof, and the proceeds of these instruments shall be reinvested in similar instruments at their then-current market rates as they mature.  In the event that the yield on securities identified herein is negative, in lieu of purchasing such securities, all or any portion of the Settlement Fund held may be deposited in a non-interest bearing account that is fully insured by the Federal Deposit Insurance Corporation.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this Paragraph shall be borne by the Settlement Fund.

(f)     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either returned to Settling Defendant pursuant to Paragraph 11(c) of this Agreement or distributed subsequent to the Effective Date pursuant to a plan of distribution approved by the Court or pursuant to other orders of the Court.

## 6.     PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)     No later than 60 days following the Execution Date, Co-Lead Counsel shall submit to the Court a motion and supporting papers requesting entry of the Preliminary Approval Order, with Settling Defendant's Counsel to be provided at least seven business days' advance notice of the proposed filings and drafts thereof.  The requested Preliminary Approval Order, in

the form attached hereto as Exhibit A, shall include provisions to the following effect, among others included in Exhibit A:

(i)     Approving a provisional certification of the Settlement Class for purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3), and declaring that, in the event of termination of this Agreement, certification of the Settlement Class shall automatically be vacated and Settling Defendant may fully contest certification of any class as if no Settlement Class had been certified;

(ii)    Approving the Settlement set forth in this Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

(iii)   Approving the provisional appointment of Class Plaintiffs as Settlement Class representatives and Co-Lead Counsel as Settlement Class counsel under Fed. R. Civ. P. 23(g) for purposes of the Settlement Class only;

(iv)    Approving the form, contents, and method of dissemination, of: (1) the Notice, which shall be mailed via first-class domestic or international mail, as applicable; and (2) the Summary Notice, which shall be published once in the national and global (Europe and Asia) editions of The Wall Street Journal, once in Investor's Business Daily, and once over PR Newswire, or as otherwise determined by Co-Lead Counsel in consultation with the Claims Administrator. The Preliminary Approval Order shall also direct Co-Lead Counsel to establish and maintain, or cause to be established and maintained, a dedicated website from which each member of the Settlement Class can view and download relevant documents, including the Notice, Summary Notice, and Second Consolidated Amended Class Action Complaint;

(v)    Approving the procedures set forth in the Notice for Persons who would otherwise be Class Members to object to or request exclusion from the Settlement Class;

(vi)    Approving the appointment of Signature Bank as Escrow Agent; and

(vii)    Scheduling a final approval hearing with respect to the proposed Settlement for a time and date convenient for the Court, but no earlier than 100 days after the Court's entry of the Preliminary Approval Order, at which hearing the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of this Agreement and address any objections to it, and determine whether this Agreement should be finally approved.

(b)    Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice, subject to the Notice's approval by the Court. Any Person who files such a request shall be excluded from the Settlement Class, shall have no rights with respect to this Agreement, shall receive no payment from the sums provided for in this Agreement, and shall be deemed to have excluded itself from the Action for all purposes, including but not limited to any and all future prosecution of the Action and any and all other settlements reached in connection with the Action. A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants or any of their respective affiliates, unless that information is not within the Person's possession, custody, or control; and

include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Credit Default Swaps Antitrust Litigation*." To be valid, the request must be mailed to the address provided in the Notice and postmarked not less than 42 days prior to the Fairness Hearing, or any other date set by the Court, in accordance with the procedures and deadlines set forth in the Notice. A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement set forth in this Agreement, if approved.

(c)     Any Person who has not requested exclusion from the Class and who objects to the Settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant, subject to further order by the Court. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be both filed with the Court and mailed to Co-Lead Counsel and Settling Defendant's Counsel not less than 42 days prior to the Fairness Hearing, or any other date set by the Court, in accordance with the procedures and deadlines set forth in the Notice. Any Person who fails to timely object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from

23

making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court. Co-Lead Counsel and Settling Defendant shall file any papers in response to any such objection or otherwise in further support of the Settlement within 7 days of the Fairness Hearing.

(d)     If the Preliminary Approval Order is entered by the Court, Co-Lead Counsel and Settling Defendant shall jointly seek entry of a Final Judgment and Order of Dismissal, substantially in the form of Exhibit B attached hereto, that among other things:

(i)     grants final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the Settlement, and attaches a list of Persons who have been excluded from the Settlement Class pursuant to timely and valid Requests for Exclusion;

(ii)     approves finally the Settlement set forth in this Agreement and its terms, which shall be incorporated by reference, as being a fair, reasonable, and adequate settlement as to Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

(iii)     finds that the Notice and Summary Notice constituted due, adequate, and sufficient notice of the Settlement set forth in this Agreement, meeting the requirements of due process and the Federal Rules of Civil Procedure;

(iv)     directs that the Action shall be dismissed with prejudice as to Settling Defendant without costs;

(v)     directs that the releases of any and all Released Claims to be provided by Class Plaintiffs and the other Releasing Parties with respect to the Released Parties shall be deemed effective as of the Effective Date;

24

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(vi) orders that Class Plaintiffs and the other Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vii) contains bar order and judgment reduction provisions as set forth below in Paragraphs 7(a) and 7(b);

(viii) retains with the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of the settlement; and

(ix) determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Settling Defendant shall be final and entered forthwith.

## 7. BAR ORDER AND JUDGMENT REDUCTION

(a) As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by: (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action.

(b) The Parties also agree that the Final Judgment and Order of Dismissal shall provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a member of the Settlement Class against any Person subject to the bar order described in Paragraph 7(a) above shall be reduced as provided by applicable law.

### 8.    FEE AND EXPENSE APPLICATION

(a)    Co-Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award of attorneys' fees and expenses and incentive awards to Class Plaintiffs pertaining to this Settlement or pertaining to the Action more generally.  Neither Settling Defendant nor the Released Parties shall have any responsibility for, or liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Counsel, or any incentive awards to Class Plaintiffs, which Co-Lead Counsel and Class Plaintiffs shall seek to have paid only from the Settlement Fund or from other sources of funds recovered on behalf of the class.

(b)    Any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the Settlement as to Settling Defendant, or affect the finality or binding nature of any of the releases granted hereunder.

### 9.    NOTICE AND ADMINISTRATIVE COSTS AND ADMINISTRATION OF THE SETTLEMENT

(a)    The Escrow Agent shall be entitled to make pro rata disbursements from the Settlement Fund for purposes of paying costs (other than attorneys' fees) incurred in preparing and providing the Settlement Class Notice and paying other administrative expenses, including expenses of and incurred by the Claims Administrator, provided, however, that (i) prior to the entry of the Final Judgment and Order of Dismissal in no event shall payments be made from the Settlement Fund for a pro rata share of notice and administration costs exceeding $10 million in the aggregate; and (ii) after entry of the Final Judgment and Order of Dismissal but prior to the

Effective Date, in no event shall payments be made from the Settlement Fund for a pro rata share of administration costs exceeding $15 million in the aggregate.

(b)     Funds expended pursuant to Paragraph 9(a) for Settlement Class Notice and claims administration are not recoverable if this Settlement is terminated or does not become final.

(c)     Co-Lead Counsel shall use their reasonable best efforts to provide a single Settlement Class Notice to Settlement Class Members of all settlements entered into with the Defendants.

(d)     Settling Defendant's pro rata share of notice and administration costs that may be paid out of the Settlement Fund shall be a percentage of the total notice and administration costs, with that percentage calculated as follows: the Settlement Amount paid by Settling Defendant divided by all settlement amounts paid to or for the benefit of the Settlement Class or its members by all Defendants or their affiliates.

(e)     It is anticipated and understood that Co-Lead Counsel and Class Plaintiffs will eventually seek to establish a claims process pertaining to this Settlement or pertaining to the Action more generally, subject to approval by the Court, pursuant to which Settlement Class Members will seek to be included in distributions of funds recovered on their behalf in the Action. Any such claims process shall include required submission of a proof of claim form by each Settlement Class Member, which proof of claim form shall include, *inter alia*, an acknowledgement of, and agreement to, the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized Person. Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     Settling Defendant shall supply to Co-Lead Counsel in electronic format information that may assist in identifying Settlement Class Members, including names and addresses in its possession, custody or control, that is reasonably available to it, and the retrieval and disclosure of which is clearly permitted by law and would not constitute a substantial burden or expense, for purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlement, all of which information shall be governed by the Stipulated Protective Order entered in the Action on September 18, 2014 (ECF No. 331) and used only for the purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlement.   To the extent any further data or information in Settling Defendant's possession, custody, or control becomes reasonably necessary to the notice or claims administration process, Settling Defendant shall confer with Co-Lead Counsel in good faith regarding the potential provision of that data or information.

(g)     Neither Settling Defendant nor the Released Parties shall have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim by Class Plaintiffs, Co-Lead Counsel, or their designated representatives or agents.

(h)     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(i)     All proceedings with respect to the administration, processing, and determination of claims and proof of claims by Settlement Class Members and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**10.    TAXES**

(a)     The Parties agree that the Settlement Fund is intended to be treated at all times as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for Taxes (as defined below), and less any funds expended for Settlement Class Notice and claims administration pursuant to Paragraph 9, plus any accrued interest thereon, shall be returned to Settling Defendant, as provided in Paragraph 11(c), if the settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraphs 11(a) or 11(b).

(b)     The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraph 10 including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permissible date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

(c)     For the purpose of Section 1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all income, informational,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 10 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(d)     All: (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); (ii) other taxes imposed on or in connection with the Settlement Fund (collectively, "Taxes"); and (iii) expenses and costs incurred in connection with the operation and implementation of Paragraph 10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein ("Tax Expenses")), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Escrow Agent, each

other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

(e)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any plan of distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 11.     REDUCTION OR TERMINATION OF SETTLEMENT

(a)     Co-Lead Counsel, acting on behalf of Class Plaintiffs and the putative Settlement Class Members, and Settling Defendant shall each have the right to terminate this Settlement in each of their separate discretions by providing written notice to the other of an election to do so ("Termination Notice") within 30 days following any of the following events: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Agreement or any material part of it; (iii) the Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect; or (iv) the Final Judgment and Order of Dismissal is modified in any material respect or reversed by a court of appeal or any higher court.

(b)     In the event one or more putative members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class ("Opt-Outs"), the processes set forth in this Subparagraph shall apply.

(i)    Class Plaintiffs shall first provide a list of those Persons, if any, who have filed Requests for Exclusion pursuant to Paragraph 6(b) hereof, together with all such Requests for Exclusion, to Settling Defendant within 5 days of the deadline set by the Court for the filing of Requests for Exclusion.  If, after Settling Defendant receives the list of the Opt-Outs, it decides to request some relief, the Parties shall first meet and confer in good faith.  If the Parties are unable to reach agreement on what relief, if any, should be provided and Settling Defendant asserts that the total Requests for Exclusion represent a material portion of Covered Transactions and their exclusion would materially reduce the value of the settlement to Settling Defendant, then Settling Defendant may present the issue of appropriate remedy to the Hon. Daniel Weinstein (Ret.) for determination.

(ii)   Judge Weinstein shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the settlement to Settling Defendant by the Requests for Exclusion.  If Judge Weinstein in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio: that is, he may not reduce the settlement amount by more than the Opt-Outs would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund (assuming all putative class members submitted claims).  Judge Weinstein is not required to grant any reduction or to impose a one-to-one ratio if he determines some reduction is appropriate.

(iii)  In the event Judge Weinstein determines some reduction is appropriate, the amount of the reduction shall be paid to Settling Defendant from the Settlement

Fund, in keeping with its pro rata share of the aggregated settlement amounts paid by all settling Defendants.  In other words, any reduction shall respect and not disturb the proportionality of the settlement amounts paid by all settling Defendants.

(iv)     In the alternative to seeking a reduction, Settling Defendant may seek to terminate the Settlement if, upon application from a Settling Defendant, Judge Weinstein (Ret.) determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to Settling Defendant.  Any application by Settling Defendant for termination relief under this Paragraph must be made in writing within 14 days following the receipt from Class Plaintiffs of the list of Opt-Outs and accompanying information required to be provided pursuant to Subparagraph 11(b)(i) hereof, or within 7 days of a determination on the reduction remedy by Judge Weinstein, whichever is later.  If termination relief is granted to Settling Defendant, any termination shall be effected solely in accordance with the termination provisions of this Agreement.

(c)     Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, any certification of the Settlement Class shall be deemed to be vacated automatically, and the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered; provided, however, that in the event of termination of this Settlement, Paragraphs 3(b), 10, 11(c), and 15 shall nonetheless survive and continue to be of effect and have binding force.  Within five business days following any notice of termination being delivered to the Escrow Agent, the Settlement Fund shall be returned in its

entirety to Settling Defendant (including any accrued interest thereon), less any Taxes due and expenditures made of notice and administrative costs pursuant to Paragraph 9, if any.  At the request of Settling Defendant's Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendant.

## 12.   RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any Settlement Class Member against any other Person other than Settling Defendant and the other Released Parties are specifically reserved by Class Plaintiffs and the Settlement Class Members, including against other Defendants to the Action.  CDS Transactions entered into with Settling Defendant as a market maker shall, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against the other Defendants in the Action or any other Persons other than the Released Parties.

## 13.   GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement.  This includes Settling Defendant's serving notice on those entities required to receive notice pursuant to 28 U.S.C. § 1715.

## 14.   COOPERATION OBLIGATIONS

(a)      In the event that all Defendants do not agree to settle this case, or in the event any Defendant terminates its settlement agreement, and litigation of the action against a Defendant

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

therefore continues, Settling Defendant agrees to provide the reasonable cooperation described in this Paragraph, as reasonably requested by Co-Lead Counsel.  In the event Co-Lead Counsel believes that Settling Defendant has failed to perform any of its cooperation obligations, the sole remedy shall be to seek specific performance.

(b)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and if clearly permitted by law and doing so would not constitute a substantial burden or expense, Settling Defendant shall provide declarations or certifications to establish in discovery, and if necessary at trial that, if believed to be true and accurate, that the document, ESI, or data previously produced by Settling Defendant is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6), which Co-Lead Counsel identify as necessary for summary judgment and/or trial.

(c)     Upon reasonable notice, Settling Defendant shall undertake to make available for deposition in this Action, at a time and place convenient to the witness, up to four (4) current or former employees, provided however, that Settling Defendant's only obligation with respect to former employees shall be to reasonably seek their voluntary appearance for deposition.

(d)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and if clearly permitted by law and doing so would not constitute a substantial burden or expense, Settling Defendant shall undertake reasonable efforts to make available for testimony at trial in this Action up to four (4) witnesses who were represented in deposition by Settling Defendant's counsel, whether such depositions occurred before or after the Parties entered into this Agreement.

35

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

### 15.   MISCELLANEOUS

(a)     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

(b)     The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's-length in good faith by the Parties, with the assistance of a nationally-recognized mediator, the Hon. Daniel Weinstein (Ret.), and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

(c)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)     The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering all orders relating to matters addressed in this Agreement and enforcing the terms of this Agreement.

(e)     For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)     This Agreement shall constitute the entire, complete, and integrated agreement between the Parties pertaining to the settlement of the Action against Settling Defendant and supersedes any and all prior negotiations and agreements, and is not subject to any condition not explicitly provided for in this Agreement itself.  All of the Exhibits to this Agreement are material and integral parts of it and are incorporated by reference as if fully set forth herein.  All terms of this Agreement are contractual and not mere recitals.  In entering into and executing this Agreement, each of the Parties respectively warrants that it is acting upon its respective

independent judgments and upon the advice of its respective counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Person, other than the warranties and representations expressly made in this Agreement. The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

(g)      The terms of this Agreement are not severable, but are interdependent and have been agreed to only as a whole by the Parties.

(h)      This Agreement may be modified or amended only by a writing executed by Co-Lead Counsel, on behalf of Class Plaintiffs and the Settlement Class Members, and Settling Defendant's Counsel, on behalf of Settling Defendant.

(i)      Nothing in this Agreement constitutes an admission by Settling Defendant as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendant, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only. This Agreement is without prejudice to the rights of Settling Defendant to: (i) challenge the Court's certification of any class, including the Settlement Class, in the Action should the Agreement not be approved or implemented for any reason; and/or (ii) oppose any certification or request for certification in any other proposed or certified class action. The Agreement, and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights, positions, or privileges of Settling Defendant or any other Released Party (except as expressly provided for in this Class Settlement Agreement), and shall not be construed as, or deemed to be, an

admission or evidence on the part of Settling Defendant or any Released Party of any violation of any statute, regulation, law, rule, or principle of common law or equity, or of any liability or wrongdoing, or of the truth or merit of any allegations or claims in this Action, and shall not be discoverable, used, offered, or accepted, directly or indirectly, as evidence of such in this Action or any other action, litigation, arbitration, or other proceeding, and shall have no precedential value; provided, however, that nothing contained herein shall preclude use of this Agreement in any proceeding to enforce this Agreement or the Final Judgment and Order of Dismissal.

(j)     Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, and Settling Defendant agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations alleged in the Action.

(k)     All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(l)     The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.  If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

(m)     Each of the Released Parties is intended to be and is a third-party beneficiary of this Agreement and is authorized to enforce the provisions of this Agreement, including without limitation the release of Released Claims against the Released Parties and covenant not to sue the

Released Parties, and such other provisions of this Agreement as are applicable to each Released Party.

(n)     Settling Defendant, Class Plaintiffs, Co-Lead Counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein. If any such dispute arises, the Parties shall attempt to resolve such dispute through mediation before the Hon. Daniel Weinstein (Ret.) before raising it with the Court.

(o)     It is anticipated that Co-Lead Counsel and Class Plaintiffs will eventually submit to the Court a plan of distribution with respect to any funds recovered by them, through settlements or judgments, on behalf of the Settlement Class members, including distribution of the Settlement Fund at some time following the Effective Date. A plan of distribution is not a term of this Agreement, and it is not a condition of this Agreement that any particular plan of distribution be approved. Any plan of distribution is a matter separate and apart from the settlement between the Parties and any decision by the Court concerning a plan of distribution shall not affect the validity or finality of the proposed settlement. Settling Defendant shall have no responsibility, obligations, or liabilities whatsoever with respect to any plan of distribution or implementation thereof, or with respect to any other administration or distribution of the Settlement Fund.

(p)     This Agreement may be executed in counterparts by or on behalf of the Parties, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(q)     Class Plaintiffs and Settling Defendant acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.  Therefore, Class Plaintiffs and Settling Defendant and their respective counsel agree that they will not seek to set aside any part of this Agreement on the grounds of mistake.  Moreover, Class Plaintiffs and Settling Defendant and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from or contrary to the facts now known to them or believed by them to be true, and further agree that this Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(r)     Any notice or materials to be provided to the Class Plaintiffs or Co-Lead Counsel pursuant to or relating to this Agreement shall be sent to Daniel L. Brockett and Bruce L. Simon, at the addresses listed below, and any notice or materials to be provided to Settling Defendant pursuant to or relating to this Agreement shall be sent to David G. Januszewski, at the address listed below.

(s)     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval, and the undersigned Co-Lead Class Counsel represent that they are authorized to execute this Agreement on behalf of Class Plaintiffs and, subject to Court Approval, on behalf of the Settlement Class.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized

representatives, have agreed to this Agreement as of the date first herein written above.

*On behalf of Class Plaintiffs*
*and the Settlement Class:*

*On behalf of Barclays Bank PLC:*

DANIEL L. BROCKETT
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

DAVID G. JANUSZEWSKI
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Fax: (212) 269-5420
djanuszewski@cahill.com

BRUCE L. SIMON
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Fax: (415) 433-9008
bsimon@pswlaw.com

41

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:  CREDIT DEFAULT SWAPS
ANTITRUST LITIGATION

This Document Relates To:  All Actions

Master Docket No.:  13 MD 2476 (DLC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND
PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

**EXHIBIT A**

WHEREAS, an action is pending before this Court styled *In re Credit Default Swaps Antitrust Litigation*, Master Docket No. 13 MD 2476 (DLC) (the "Action");

WHEREAS, Co-Lead Counsel have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving settlements of the Action, in accordance with individual Stipulations and Agreements of Settlement with all Defendants dated September 30, 2015 (the "Agreements") including Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC; Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit") (the "Settling Defendants"). The Agreements, together with the exhibits annexed thereto, set forth the terms and conditions for settlements of the Action against Settling Defendants and for dismissal of the Action against Settling Defendants with prejudice upon the terms and conditions set forth therein;

WHEREAS the Court has read and considered the Agreements and the exhibits annexed thereto; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Agreements, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the Agreements and the Settlements set forth therein, subject to further consideration at the Fairness Hearing described below.

2.      A hearing (the "Fairness Hearing") shall be held before the Court on _____,

2016, at __:___ _.m.,[1] at the United States District Court for the Southern District of New York,

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York

10007-1312 to determine:  (a) whether the Court should certify the Settlement Class pursuant to

Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (b) whether the Settlements of the

Action on the terms and conditions provided for in the Agreements are fair, reasonable, and

adequate to the Settlement Class and should be approved by the Court; (c) whether a Final

Judgment and Order of Dismissal as provided for in the Agreements should be entered;

(d) whether the proposed Plan of Distribution should be approved; (e) whether Co-Lead

Counsel's application to the Court for an award of attorneys' fees and expenses and incentive

awards to the Class Plaintiffs[2] for their representation of the Class in this Action (the "Fee and

Expense Application") should be granted; and (f) such other matters as the Court may deem

appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies,

solely for purposes of effectuating the Settlements, a Settlement Class defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015,
> purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any
> purported co-conspirator, in any Covered Transaction (as defined in Paragraph 2(i) of
> the Agreements).

> Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of
> the Agreements) and all of their respective officers, directors, management,
> employees, current subsidiaries, or affiliates, as well as any Person whose exclusion
> is mandated by law, provided that the foregoing exclusions shall not cover
> Investment Vehicles.

---

[1]   [Given the various deadlines, Plaintiffs respectfully request that the Fairness Hearing be set for a date no earlier than 135 days after the entry of the [Proposed] Order Preliminarily Approving Settlements and Providing for Notice to the Settlement Class].

[2] Class Plaintiffs are Plaintiffs Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP.; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

4.     The Court preliminarily finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:  (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action and a class action.

5.     Class Plaintiffs are preliminarily certified, solely for purposes of effecting the Settlements, as Settlement Class representatives.  The law firm of Quinn Emanuel Urquhart & Sullivan, LLP is preliminarily appointed as Lead Counsel for the Settlement Class and the law firm of Pearson, Simon & Warshaw, LLP is preliminarily appointed as Co-Lead Counsel for the Settlement Class.  (Together, these firms are referred to herein as "Co-Lead Counsel.")

6.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice") and the Summary Notice for publication, annexed respectively, as Exhibit A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner and form set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

4

7.      The Court appoints Garden City Group as the Claims Administrator to supervise and administer the dissemination of notice and to process the claims as more fully set forth below:

      a.      Not later than ninety (90) days from the entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first-class domestic or international mail, as applicable, to all members of the Settlement Class who can be identified with reasonable effort;

      b.      Not later than one hundred (100) days from the entry of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in the national and global (Europe and Asia) editions of The Wall Street Journal, once in Investor's Business Daily, and once over PR Newswire; and

      c.      Not later than ninety (90) days from the entry of this Order, Co-Lead Counsel shall establish and maintain, or cause to be established and maintained, a dedicated website from which each member of the Settlement Class can view and download relevant documents, including the Notice, Summary Notice, Plan of Distribution, and Second Consolidated Amended Class Action Complaint.

8.      Settling Defendants shall supply to Co-Lead Counsel in electronic format information that may assist in identifying Settlement Class Members, including names and addresses in their possession, custody or control, that is reasonably available to them, and the retrieval and disclosure of which is clearly permitted by law and would not constitute a substantial burden or expense, for purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements, all of which information shall be governed by the Stipulated Protective Order entered in the Action on September 18, 2014 (ECF No. 331) and used only for the purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements.

9.      All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund.  In no event shall Settling Defendants bear any responsibility for such fees, costs, or expenses except as otherwise provided in the Agreements.

10.      All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the Settlement Class.

11.      Any and all distributions to eligible Settlement Class Members shall be made pursuant to the Plan of Distribution, as finally approved by the Court, to those Settlement Class Members who submit a valid proof of claim form.

a.      Settlement Class Members who wish to participate in the Settlements must complete and submit a valid proof of claim form, in accordance with the instructions contained therein.  All proof of claim forms shall include, *inter alia*, an acknowledgement of, and agreement to, the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized Person.

b.      Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

c.      Unless the Court orders otherwise, all proof of claim forms must be postmarked by or before one hundred and fifty (150) days from the date that Notice is mailed to Settlement Class Members pursuant to Paragraph 7.a. above.

d.      All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Agreements and the Settlements, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the

releases provided for in the Agreements, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

12.     Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice.  Any Person who files such a request shall be excluded from the Settlement Class, shall have no rights with respect to the Settlements, shall receive no payment from the sums provided for as part of the Settlements, and shall be deemed to have excluded itself from the Action for all purposes, including but not limited to any and all future prosecution of the Action and any and all other settlements reached in connection with the Action.  A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants or any of their respective affiliates, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Credit Default Swaps Antitrust Litigation.*"  To be valid, the request must be mailed to the address provided in the Notice and postmarked not less than 42 days prior to _____ [*i.e.*, the date of the Fairness Hearing].  A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements set forth in the Agreements, if approved.

13.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Settlements, the Plan of Distribution, or the Fee and Expense Application may appear in person or through counsel, at his, her, or its own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and

relevant.  However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be received and considered by the Court, unless such Settlement Class Member properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Settlement Class Member desires the Court to consider.  Such a written objection must be both filed with the Court and mailed to Co-Lead Counsel and Settling Defendant's Counsel on or before _____ [at least 42 days prior to the Fairness Hearing].  Co-Lead Counsel and Settling Defendants shall file any papers in response to any such objection or otherwise in further support of the Settlements within seven (7) days of the Fairness Hearing.

14.     Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

15.     The Court appoints Signature Bank as the Escrow Agent who shall administer the Settlement Fund, and, absent further order of the Court, have the duties and responsibilities in such capacity that are set forth in the Agreements.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreements and/or further order(s) of the Court.

16.     All papers in support of the Fee and Expense Application shall be filed and served no later than _____ [30 days before the objection deadline], and any reply papers shall be filed and served no later than _____ [7 days prior to the Fairness Hearing].  All papers in support of the Settlements and the proposed Plan of Distribution shall be filed and served no later than _____ [14 days before the Fairness Hearing].

8

17.     At or after the Fairness Hearing, the Court shall determine whether the Agreements and Settlements, the proposed Plan of Distribution, and the Fee and Expense Application should be finally approved.  The Court shall consider the proposed Plan of Distribution and the Fee and Expense Application separately from the fairness, reasonableness, and adequacy of the Settlements, and any decisions by the Court concerning the proposed Plan of Distribution and the Fee and Expense Application shall not affect the validity or finality of the proposed Settlements.

18.     Neither Settling Defendants nor any of the Released Parties shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; (vi) the solicitation, review, or evaluation of proofs of claim; or (vii) awards made pursuant to the Fee and Expense Application.

19.     All reasonable expenses incurred in identifying and notifying potential Settlement Class members as well as administering the Settlement Fund shall be paid as set forth in the Agreements.  If the Court does not approve the Settlements, or it otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 9 of the Agreements.

20.     Settling Defendants have denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Agreements constitutes an admission by Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendants, or the appropriateness of

9

certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only.

21.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlements.  To the extent practicable, Co-Lead Counsel shall cause the Claims Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website. The Court may approve the Settlements or the Plan of Distribution, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

22.     All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with their terms.  Pending final determination of whether the Settlements should be approved, neither Class Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Claims against any of the Released Parties.

23.     In the event one or more of the Settlements is terminated, then the Parties to such terminated Settlement(s) shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and the Parties to the terminated Settlement(s) shall proceed in all respects as if the terminated Agreement(s) and any related orders had not been entered; provided, however, that in the event of termination of a Settlement, Paragraphs 3(b), 10, 11(c), and 15 shall nonetheless survive and continue to be of effect and have binding force.


        IT IS SO ORDERED.


DATED: _____, 2015            _____
                                          HON. DENISE L. COTE
                                          UNITED STATES DISTRICT JUDGE

# Exhibit A-1

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**If You Entered into a CDS Transaction Between January 1, 2008 and September 25, 2015, You May Be Affected by Class Action Settlements.**

"CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures. A "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the-counter or via inter-dealer brokers, a centralized clearinghouse, a central limit order book, an exchange, a swap execution facility, or any other platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This notice is to alert you to settlements reached with defendants Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association; Markit Group Holdings Ltd. and Markit Group Ltd. (collectively, "Defendants") in a class action.

- The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The lawsuit also alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers or sellers of CDS. The Defendants deny they did anything wrong.

- Settlements have been reached with all Defendants. Defendants have collectively agreed to pay $1,864,650,000 ("Settlement Fund"). Before any money is paid, the Court will have a hearing to decide whether to approve the settlements. Approval of these settlements by the Court will resolve all relevant claims with finality and this lawsuit in its entirety.

- The two sides disagree on how much money could have been won if the plaintiffs had won a trial.

- Your legal rights will be affected whether you act or don't act. Please read the entire Notice carefully.

For more information, call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com.

1

| **YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS:** | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to receive your share of the Settlement Fund. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| COMMENT OR OBJECT | Write to the Court about why you do or do not like the settlements. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlements. |
| DO NOTHING | Get no payment. Give up rights. |

- The Court in charge of this case must decide whether to approve the settlements. Payments will be made if the Court approves the settlements and, if there are any appeals, after appeals are resolved.

### WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**………………………………………………………………………………………………..……………….**PAGE 3**

1. Why did I get this Notice?

2. What is this litigation about?

3. Why is this a class action?

4. Why are there settlements?

**WHO CAN PARTICIPATE IN THE SETTLEMENTS**……………………………………………………………….**PAGE 5**

5. How do I know if I am part of the settlements?

6. Are there exceptions to being included in the Settlement Class?

7. What if I'm still not sure if I am included in the Settlement Class?

**THE SETTLEMENT BENEFITS**………………………………………………………………………………………….**PAGE 6**

8. What do the settlements provide?

9. Can the Settlement Amount be reduced or the Settlement terminated?

10. Will I get a payment?

11. How can I get a payment?

12. When will I receive a payment?

13. What am I giving up to get a payment or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENTS**……………………………………………………………**PAGE 10**

14. What if I do not want to be in the Settlement Class?

15. How do I get out of the settlements?

16. If I don't exclude myself, can I sue Defendants for the same thing later?

17. If I exclude myself can I get money from the settlements?

18. If I exclude myself, can I comment on the settlements?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS**………………………………………………………………**PAGE 11**

19. How can I tell the Court what I think about the settlements?

20. What's the difference between objecting and excluding?

**THE LAWYERS REPRESENTING YOU** ……………………………………………………………………………………**PAGE 12**

21. Do I have a lawyer in this case?

22. How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**………………………………………………………………………………………**PAGE 13**

23. When and where will the Court decide whether to approve the settlements?

24. Do I need to come to the hearing?

25. May I speak at the hearing?

**IF YOU DO NOTHING** ………………………………………………………………………………………………………**PAGE 13**

26. What happens if I do nothing?

**GETTING MORE INFORMATION** …………………………………………………………………………………………**PAGE 13**

27. How do I get more information?

**BASIC INFORMATION**

**1. Why did I get this Notice?**

You or your company may have entered into a CDS Transaction between January 1, 2008 and September 25, 2015. CDS means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures. A CDS Transaction means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the-counter or via inter-dealer brokers, a centralized clearinghouse, a central limit order book, an exchange, a swap execution facility, or any other platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS.

You have the right to know about this litigation and about your legal rights and options before the Court decides whether to approve the proposed settlements. If the Court approves the settlements and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the settlements allow. You will be informed of the progress of the settlements.

This Notice explains the litigation, the proposed settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court supervising the case is the United States District Court for the Southern District of New York. The case is called In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC). The people who sued are called Class Plaintiffs, and the companies they sued are called Defendants.

## 2. What is this litigation about?

The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The lawsuit also alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers and sellers of CDS. The lawsuit is proceeding in the United States District Court for the Southern District of New York before Judge Denise L. Cote.

The entities that prosecuted this lawsuit, referred to as "Class Plaintiffs," are the Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System. They sued twelve CDS dealers, referred to as the "Dealer Defendants." The Dealer Defendants are Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC. In addition, Class Plaintiffs sued International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit"). The Dealer Defendants, ISDA, and Markit are referred to collectively as "Defendants."

Among other things, Class Plaintiffs allege that, beginning in 2008, Defendants conspired to prevent exchange trading of CDS at secret meetings and through telephone and email communications. Class Plaintiffs allege that the Dealer Defendants agreed with each other not to deal with any central clearing platform that might allow CDS trading and instead to clear almost all transactions through the one clearinghouse they could control, ICE Clear Credit LLC ("ICE"). Class Plaintiffs further allege that the Dealer Defendants conspired to limit changes to the over-the-counter CDS market and imposed rules restricting participation in ICE that were designed to prevent a transition to exchange trading. Class Plaintiffs allege that the Dealer Defendants pressured Markit and ISDA not to grant any licenses that allowed CDS to trade via central limit order book or on an exchange platform, thus ensuring that some Dealer Defendant be on at least one side of every CDS transaction. According to Class Plaintiffs, Defendants' conduct harmed Settlement Class Members by keeping the CDS market opaque, preventing competition, and maintaining inflated bid/ask spreads on CDS Transactions.  The Defendants deny they did anything wrong.

## 3. Why is this a class action?

A class action is a lawsuit in which a few representative plaintiffs bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) who have similar claims against the defendants. The plaintiffs, the Court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for the attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court judgment amount) and must be approved by the Court. If there is no recovery, the attorneys do not get paid.

When a class enters into settlements, such as these settlements with Defendants here, the Court will require that the members of the class be given notice of the settlements and an opportunity to be heard. The Court then holds a hearing to determine, among other things, if the settlements are fair, reasonable, and adequate to the members of the class.

**4. Why are there settlements?**

The Court did not decide in favor of Class Plaintiffs or Defendants. Class Plaintiffs and their Co-Lead Counsel thoroughly investigated the facts and law regarding the claims at issue in this litigation, as well as Defendants' potential defenses.  As a result, Class Plaintiffs think they could have won substantial damages at trial. Defendants think Class Plaintiffs'  claims lack merit. Defendants believe the trial court or an appellate court would have prevented Class Plaintiffs from litigating the case as a class action. Defendants also believe the claims would have been rejected either prior to trial, at trial or on appeal.  In all events, Defendants do not believe Class Plaintiffs could have proven any damages to the putative class. None of those issues were decided. Instead, after engaging in lengthy, detailed negotiations with the help of a nationally-recognized mediator, all parties agreed to settle the case. That way, they will avoid the cost and risk of adverse outcomes before or after trial or on appeal, and the people affected will get compensation. Class Plaintiffs and their Co-Lead Counsel think the settlements are best for all Settlement Class Members.

<u>**WHO CAN PARTICIPATE IN THE SETTLEMENTS**</u>

**5. How do I know if I am part of the settlements?**

The Court decided that everyone who fits this description is a Settlement Class Member: All persons or entities (together, "Persons") who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, their respective affiliates, or any purported co-conspirator, in any Covered Transaction.  The settlement agreements define a Covered Transaction as follows:

"A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances:  (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (*e.g.*, had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such purchase or sale otherwise falls within the scope of the U.S. antitrust laws."

Examples of a "Covered Transaction" include: (i) you are domiciled or located in the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates; (ii) you are domiciled and located outside the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates located in the United States or its territories; or (iii) you are domiciled and located outside the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates that was executed through a desk located in the United States or its territories.

The above examples are not intended to be exclusive of what constitutes a "Covered Transaction."  To the extent you believe you made a CDS Transaction that is a "Covered Transaction," you will be given the opportunity to identify that transaction and submit supporting evidence to the claims administrator.

**6. Are there exceptions to being included in the Settlement Class?**

Yes. You are not included in the Settlement Class if you are:

- • a Defendant, or its current subsidiary or affiliate;

- • an officer, director, management, or employee of a Defendant; or

- • a Person whose exclusion is mandated by law.

However, "Investment Vehicles" are not excluded from the Settlement Class. For purposes of the settlements, an Investment Vehicle means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

### 7. What if I'm still not sure if I am included in the Settlement Class?

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. You can call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com for more information. Or you can fill out and return the proof of claim form described in Question 10 to see if you qualify.

<u>**THE SETTLEMENT BENEFITS**</u>

### 8. What do the settlements provide?

Defendants will collectively pay the Settlement Class $1,864,650,000 (the "Settlement Fund"). The Settlement Fund, less any costs associated with notifying the Settlement Class, claims administration, and Court-awarded attorneys' fees, expenses, and incentive awards to Class Plaintiffs for representing the Settlement Class, will be divided among all Settlement Class Members who send in a valid proof of claim form.

In addition to the cash component, the settlement with ISDA provides for corporate governance reforms on the licensing of ISDA intellectual property, as follows: ISDA will disband the Credit Steering Committee Licensing Sub-Committee and replace it with an independent licensing sub-committee, called the "Licensing Sub-Committee," which will have 8 to 10 members consisting of an equal number of buy-side and sell-side firms. All decisions on licensing will be by simple majority vote. The ISDA Board will delegate full authority to the Licensing Sub-Committee to decide whether to grant requested licenses. If the Licensing Sub-Committee decides not to grant a proposed license, it will provide to the proposed licensee an opportunity to rebut the determination or modify its application. Any decision not to grant a license will be subject to an outside dispute resolution mechanism. All meetings of the Licensing Sub-Committee should be open to the public via broadcast through ISDA's website, unless a proposed licensee objects. Decisions of the Licensing Sub-Committee regarding requests for licenses will be published on ISDA's website, unless a proposed licensee objects.

In the event any Defendant terminates its settlement agreement ("Settlement Agreement") and the litigation of the action continues against that Defendant, Settling Defendants have agreed to provide certain reasonable cooperation including making available up to four current or former employees from each Settling Defendant as witnesses in the ongoing litigation.

### 9. Can the Settlement Amount be reduced or the Settlement terminated?

In certain circumstances each Defendant has the right to request a modification of the Settlement Amount or to terminate the Settlement. The right to seek reduction in the Settlement Amount or to terminate the Settlement is set forth at Paragraphs 11(a) through 11(c) of the Settlement Agreement with each Defendant. Should one or more members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class, a Settling Defendant, if it believes that the total Requests for Exclusion from the Settlement Class represent a material portion of the Covered Transactions and their exclusion would materially reduce the value of Settlement, shall have the option to present the issue to the settlement mediator, Judge Daniel Weinstein (Ret.). In the event Judge Weinstein determines some reduction in the Settlement Amount is

appropriate, he may not reduce the Settlement Amount by greater than a one-to-one ratio. That is, the amount a Settlement Class member who chooses to remain as part of the Settlement Class will receive will be at least the same as if no one had requested exclusion from the Settlement Class. A Settling Defendant may also seek to terminate the Settlement by making an application for termination to Judge Weinstein. Upon such application Judge Weinstein shall determine if the reduction remedy set forth above in this Paragraph is not adequate to preserve the essential benefits of the Settlement to the Settling Defendant making such application. Should a Settlement be terminated, the Parties shall revert to their respective status in the Action as of the date they executed the Settlement Agreement.

## 10. Will I get a payment?

If you are a Settlement Class Member and do not opt out of the Settlement Class, you are eligible to file a proof of claim form to receive your share of money from the Settlements. The amount of your payment will be determined by the Plan of Distribution. Plaintiffs allege that Defendants' anticompetitive conduct artificially inflated the spreads on all CDS transactions throughout the Class Period. Plaintiffs allege that but for Defendants' anticompetitive conduct, some CDS transactions would have migrated from over-the-counter trading to exchanges with a central limit order book, which would have resulted in greater pre- and post-trade transparency and other market efficiencies, thus compressing the artificially-inflated spreads on CDS traded on an exchange and those that would have continued to trade over the counter. This is disputed by Defendants.

Co-Lead Counsel retained experts who constructed a model to identify the amount of inflation of the spreads on any given CDS transaction at any given date during the Class Period. The model uses the database of CDS transactions maintained by the Depository Trust & Clearing Corporation ("DTCC"), produced in this litigation, which all market participants accept as the legal record of a CDS transaction. The model identifies CDS purchase and sales transactions executed from January 1, 2008 through September 25, 2015 which may be eligible to receive distributions from the Net Settlement Fund (the amount remaining after attorneys' fees, litigation costs and claims administration costs have been deducted) under the Settlement Class definition upon proper and timely submission of a claim.

Co-Lead Counsel's experts have identified a spread compression percentage that will be applied to Covered Transactions to generate the amount of each Settlement Class Member's potential claim. Each Settlement Class Member will be sent a claim form that will direct the Settlement Class Member to a secured website maintained by the claims administrator to review information about that member's Covered Transactions, as recorded in the DTCC database. The secured website will provide the Settlement Class Member with: (i) the name of the CDS purchased or sold with the unique identification number (RED Code); (ii) the date of the transaction; (iii) the notional amount of the transaction; (iv) the tenor of the transaction (number of years, typically 5 years); (v) for CDS indices, the series; and (vi) the allowed claim (amount of inflated spread paid) for that CDS transaction.

The Net Settlement Fund will be distributed to all Settlement Class Members who submit claims on a pro rata basis. Specifically, the distribution of the Net Settlement Fund will be based on the percentage of each Settlement Class Member's allowed claim as compared to the sum of all valid, allowed claims that are filed. The Net Settlement Fund will be paid out to Settlement Class Members who make proper and timely claims. No monies revert to Defendants. The Court must decide whether to approve the proposed Plan of Distribution and will consider that at the Fairness Hearing.

## 11. How can I get a payment?

To qualify for payment, you must send in a proof of claim form. A proof of claim form is attached to this Notice. You may also get a proof of claim form electronically through the settlement website,

www.CDSAntitrustSettlement.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and submit it. Proof of claim forms must [be submitted electronically or] be postmarked by _____, 2016.

## 12. When will I receive a payment?

The Court will hold a hearing on _____, 2016, to decide whether to approve the settlements. If the Court approves the settlements, there may be appeals after that. It is always uncertain whether those appeals can be resolved. Resolving them can take time, perhaps more than a year. Everyone who submits a proof of claim form will be informed of the progress of the settlements. Please be patient.

## 13. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. As described in the Settlement Agreements, upon the Effective Date of settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims. The capitalized terms used in this Paragraph are defined in each Settlement Agreement as follows:

"Released Parties" means Settling Defendant and all of its respective past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and all of their respective officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns. Released Parties does not include any of the other Defendants.

"Releasing Parties" means individually and collectively each Settlement Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether the Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court. In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of the Settlement Agreement shall bind the Employee Benefit Plan and all Persons who may have any claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants.

"Released Claims" means any and all manner of claims, causes of action, cross-claims, counterclaims, suits, demands, actions, rights, charges, liabilities, losses, obligations, and

controversies of any kind, nature, or description whatsoever, whether known or unknown, accrued or unaccrued, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, direct or derivative, including "Unknown Claims" as defined in each Settlement Agreement, whether class, individual, representative, or otherwise in nature, whether arising in law or equity or under any statute, regulation, ordinance, contract, or otherwise, for damages, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, whenever incurred, or for injunctive, declaratory, or other equitable relief, arising from or relating in any way to any conduct, acts, transactions, events, communications, occurrences, statements, omissions, or failures to act (i) occurring prior to June 30, 2014, that are alleged or that could have been alleged in the Action relating in any way to any CDS Transactions or Potential CDS Transactions; provided that the foregoing Released Claims do not include claims based on CDS Transactions or Potential CDS Transactions by Settlement Class Members where such claims involve all of the following three circumstances—the Settlement Class Members are or were not domiciled or located in the United States at the relevant time, their CDS Transactions or Potential CDS Transactions were not in or would not have been in United States commerce, and any claims based on such CDS Transactions or Potential CDS Transactions are or would have been subject only to foreign law; and (ii) occurring prior to the Preliminary Approval Order, relating in any way to the litigation or settlement of this Action, including, without limitation, relating in any way to any settlement discussions, the negotiation of and agreement to this Agreement by the Defendants, or any terms or effect of this Agreement (other than claims to enforce the Agreement).

Without limiting the above definition of "Released Claims," Released Claims include but are not limited to any claims arising from or relating in any way to:

(i) any conduct by any of the Released Parties that has been or could be alleged to be or have been anticompetitive relating to, arising out of, or affecting or potentially affecting any CDS Transaction or Potential CDS Transaction;

(ii) any joint conduct by any of the Released Parties that has been or could be alleged to have unfairly increased the price or widened or otherwise manipulated the spread of any CDS Transaction or Potential CDS Transaction (whether such CDS Transaction or Potential CDS Transaction occurs prior or subsequent to the Final Order Date);

(iii) any joint conduct relating to potential or actual clearinghouses, exchanges, trading platforms and/or other entities directly or indirectly involved or potentially involved with any CDS Transaction or Potential CDS Transaction, including, without limitation, CMDX LLC, Chicago Mercantile Exchange Inc., CME Clearing, Eurex Clearing AG, LIFFE Administration and Management, NYSE Euronext Inc., Intercontinental Exchange, Inc. ("ICE"), ICE US Holding Company L.P., ICE Clear Credit LLC (formerly ICE U.S. Trust LLC), and The Clearing Corporation, and including but not limited to any conduct that has been or could be alleged to have delayed or prevented or manipulated exchange trading or any other method or form of clearing, executing or trading of CDS Transactions through any means or on any actual or potential platform or trading facility;

(iv) any joint conduct relating to potential or actual involvement, participation, or ownership in any organization, entity, working group or other group related in any way to CDS or CDS Transactions, including, without limitation, Markit, The Clearing Corporation, ICE, ICE US Holding Company L.P., ICE Clear Credit LLC (formerly ICE U.S. Trust LLC), and ISDA, including but not limited to any participation by Released Parties or any persons who were or are employees of Settling Defendant at the time on any committees, task forces, Boards, ad hoc committees, or groups of any of the foregoing organizations or entities, and

including but not limited to any joint conduct relating to licensing or requests by any Person for any license(s) from Markit or ISDA;

(v) any joint conduct relating to the ownership, use, license, sublicense, disclosure, release, or consent to release of data pertaining to CDS, CDS Transactions or Potential CDS Transactions; or

(vi) any joint conduct relating to intellectual property ownership, licensing or sublicensing pertaining to CDS Transactions or Potential CDS Transactions, including but not limited to any decision or agreement to license or otherwise permit the use of, or to refuse to license or otherwise permit the use of, any intellectual property or data relating to CDS, CDS Transactions or Potential CDS Transactions, including the terms, if any, on which to offer, authorize or refuse licensing, sublicensing or permitted use of such intellectual property or data.

The above description of the claims you are giving up against Defendants and the Released Parties is only summary. Unless you exclude yourself, you are "releasing" the claims described here, whether or not you later submit a claim. The complete terms, including the definitions of the Effective Date and Unknown Claims, are set forth in the Settlement Agreements, which may be obtained on the settlement website, www.CDSAntitrustSettlement.com, or by contacting the Claims Administrator at 1-888-744-0531.

<u>**EXCLUDING YOURSELF FROM THE SETTLEMENTS**</u>

If you don't want a payment from these settlements, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

**14. What if I do not want to be in the Settlement Class?**

If you decide to exclude yourself from, or "opt out" of, the Settlement Class, you will be free to sue Defendants or any of the other Released Parties on your own for the claims being resolved by the settlements. However, you will not receive any money from the settlements, and Co-Lead Counsel will no longer represent you with respect to any claims against Defendants. If you want to receive money from the settlements, do not exclude yourself.

**15. How do I get out of the settlements?**

You can exclude yourself, or "opt out," by sending to the Claims Administrator a written Request for Exclusion stating, "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re Credit Default Swaps Antitrust Litigation." A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants, any of their respective affiliates, or any purported co-conspirator, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re Credit Default Swaps Antitrust Litigation."

You cannot exclude yourself by telephone or email. You must do so in writing and by mail. To be valid, your Request for Exclusion must be postmarked by _____, 2016, and mailed to:

Credit Default Swaps Antitrust Litigation

C/O Garden City Group

P.O. Box 10254

Dublin, OH 43017-5754

If you ask to be excluded, you will not get any settlement payment, and you cannot comment on or object to the settlements. You will not be legally bound by the settlements or anything that happens in this lawsuit.

**16. If I exclude myself, can I get money from the settlements?**

No. You will not get any monetary benefits of the settlements, if you exclude yourself.

**17. If I exclude myself, can I comment on the settlements?**

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not comment on or object to any aspect of the settlements.

<u>**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS**</u>

**18. How can I tell the Court what I think about the settlements?**

If you're a Settlement Class Member, you can tell the Court what you think about the settlements. You can comment on or object to any part of the settlements, the Plan of Distribution, the request for attorneys' fees and expenses, or the request for incentive awards to the Class Plaintiffs for representing the Settlement Class. You can give reasons why you think the Court should approve them or not. The Court will consider your views.

If you want to make a comment or objection, you must do so in writing. Your comment or objection must: (i) identify this case, In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC); (ii) state whether you intend to appear at the Fairness Hearing (though your appearance is not necessary for the Court to consider your views on the settlements); (iii) provide proof that you are a member of the Settlement Class; and (iv) identify the specific grounds for your comment or objection including any reasons why you want to appear and be heard at the Fairness Hearing, as well as all documents or writings that you want the Court to consider.

You cannot make a comment or objection by telephone or email. You must do so in writing and by mail. To be considered by the Court, your comment or objection must be postmarked by _____, 2016, filed with the Clerk of the Court, and mailed to the following addresses:

**Court**
Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

***Co-Lead Counsel for Plaintiffs and the Settlement Class***

| | |
|---|---|
| Daniel L. Brockett | Bruce L. Simon |
| Quinn Emanuel Urquhart & Sullivan, LLP | Pearson, Simon & Warshaw, LLP |
| 51 Madison Avenue, 22nd Floor | 44 Montgomery Street, Suite 2450 |
| New York, New York 10010-1601 | San Francisco, California 94104 |

***Liaison Counsel for Defendants***

Arthur J. Burke
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

If you do not timely submit a comment or objection, your views will not be considered by the Court or any court on appeal.

### 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlements. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the settlements no longer affect you.

### THE LAWYERS REPRESENTING YOU

### 20. Do I have a lawyer in this case?

Yes. The Court has appointed the firms listed below to represent you and the Settlement Class in this case:

| | |
|---|---|
| Daniel L. Brockett<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>(212) 849-7000 | Bruce L. Simon<br>Pearson, Simon & Warshaw, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, California 94104<br>(415) 433-9000 |

These lawyers are called Co-Lead Counsel. Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund. You will not otherwise be charged for Co-Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 21. How will the lawyers be paid?

To date, Co-Lead Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs in connection with the litigation. Any attorneys' fees and reimbursement of costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement Agreements provide that Co-Lead Counsel may apply to the Court for an award of attorneys' fees and reimbursement of costs out of the Settlement Fund. Prior to the final approval hearing, Co-Lead Counsel will move for an award of attorneys' fees in an amount that will be consistent with the negotiated fee agreement with Lead Plaintiff Los Angeles County Employees Retirement Association ("LACERA"), not to exceed fourteen percent of the Settlement Fund's total value, as well as reimbursement of litigation costs. Plaintiffs will also seek incentive awards for the Class representatives, because of their unique efforts and expense taken on behalf of the Class. The motion by Co-Lead Counsel for attorneys' fees and costs and incentive awards will be available for viewing on the Settlement Website after it is filed. After that time, if you wish to review the motion papers, you may do so by viewing them at www.CDSAntitrustSettlement.com.

The Court will consider Co-Lead Counsel's requests for attorneys' fees, expenses, and incentive awards at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**22. When and where will the Court decide whether to approve the settlements?**

The Court will hold a Fairness Hearing at _:__ _.m. on _____, 2016, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15B, 500 Pearl Street, New York, NY 10007. The hearing may be moved to a different date or time without additional notice, so you should check www.CDSAntitrustSettlement.com before making travel plans. At the Fairness Hearing, the Court will consider whether the settlements are fair, reasonable and adequate, and whether the Plan of Distribution is fair and adequate. The Court will also consider how much to pay Co-Lead Counsel and whether to approve litigation expenses and incentive awards to the Class Plaintiffs. If there are comments or objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the settlements. We do not know how long this decision will take.

**23. Do I need to come to the hearing?**

No. Class Counsel will be prepared to answer any questions the Court may have at the hearing. However, you are welcome to attend the hearing at your own expense. If you send a comment or objection, you do not have to come to Court to explain it. As long as you mailed your written comment or objection on time as set out in this Notice, the Court will consider it. You also may pay another lawyer to attend, but it's not required.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing and make a comment or objection, either in person or through an attorney hired at your own expense, you need to file a written notice of intention to appear with the Clerk of the Court. It must be postmarked by _____, 2016, and mailed to each of the addresses listed in Question 18. The written notice of intention to appear must: (i) include your name, address, telephone number, and signature; (ii) state that you intend to appear at the Fairness Hearing for In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC); (iii) provide proof that you are a member of the Settlement Class; and (iv) identify the specific grounds for your comment or objection including any reasons why you want to appear and be heard at the Fairness Hearing, as well as all documents or writings that you want the Court to consider.

## IF YOU DO NOTHING

**25. What happens if I do nothing?**

If you do nothing, you will not get any money from these settlements. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues in this case.

## GETTING MORE INFORMATION

**26. How do I get more information?**

This Notice summarizes the settlements. More details are available in the Settlement Agreements. You can get complete copies of the Settlement Agreements at www.CDSAntitrustSettlement.com. The website has answers to common questions about these settlements, a claim form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment. You also may call 1-888-744-0531 or write to the Claim Administrator at Credit Default Swaps Antitrust Litigation, c/o Garden City Group, P.O. Box 10254, Dublin, OH 43017-5754.

DATED: _____, 2015                                BY ORDER OF THE COURT


In re Credit Default Swaps Antitrust Litigation
c/o Garden City Group
P.O. Box 10254
Dublin, OH 43017-5754
**IMPORTANT COURT DOCUMENT**

# Exhibit A-2

**If You Entered into a CDS Transaction Between January 1, 2008 and September 25, 2015, You May Be Affected by Class Action Settlements.**

———————————————

"CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures. A "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the counter or via inter-dealer brokers, a centralized clearinghouse, a central limit order book, an exchange, a swap execution facility, or any other platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS.

———————————————————

This notice is to alert you to settlements reached with defendants Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC (collectively, "Dealer Defendants"); International Swaps and Derivatives Association; Markit Group Holdings Ltd. and Markit Group Ltd. (along with the Dealer Defendants, collectively "Defendants") in a class action. The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The lawsuit further alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers and sellers of CDS. The Defendants deny they did anything wrong.

Settlements have been reached with all Defendants. Defendants have collectively agreed pay $1,864,650,000 ("Settlement Fund"). The United States District Court for the Southern District of New York ("Court") authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlements. Approval of these settlements by the Court will resolve this lawsuit in its entirety.

**WHO IS A SETTLEMENT CLASS MEMBER?**

Subject to certain exceptions, the Settlement Class includes all persons or entities (together, "Persons") who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, their respective affiliates, or any purported co-conspirator, in any Covered Transaction. A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances: (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (e.g., had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such purchase or sale otherwise falls within the scope of the U.S. antitrust laws.

**WILL I GET A PAYMENT?**

If you are a Settlement Class Member and do not opt out of the Settlement Class, you will be eligible to file a proof of claim form. The amount of your payment will be determined by a Plan of Distribution. Details about the Plan of Distribution are available at www.CDSAntitrustSettlement.com. A date for distribution of the Settlement Fund has not been set. Proof of claim forms must be [submitted electronically or] postmarked by _____, 2016.

**WHAT ARE MY RIGHTS AS A CLASS MEMBER?**

If you are a Settlement Class Member and do not opt out, you will release certain legal rights against the Defendants and the Released Parties, as explained in the detailed notice and settlement agreements, which are available at www.CDSAntitrustSettlement.com. If you do not want to take part in the proposed settlements, you must opt out by _____, 2016.

You may, but do not have to, comment on or object to the proposed settlements, the Plan of Distribution, or class counsel's application to the Court for an award of attorneys' fees, expenses, and incentive awards to the plaintiffs for representing the Settlement Class. To do so, you must submit your comments or objections by _____, 2016.

Information on how to opt out or submit comments or objections is contained in the detailed notice and at www.CDSAntitrustSettlement.com.

**WHEN IS THE FAIRNESS HEARING?**

The Court will hold a hearing on _____, 2016, at __:___ _.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 to consider whether to approve the proposed settlements, the Plan of Distribution, and class counsel's application for an award of attorneys' fees, expenses, and incentive awards to the plaintiffs. You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. If you wish to appear, you must file a notice of intention to appear by _____.

If you are not sure if you are included in the Settlement Class, you can get more information, including a detailed notice, at www.CDSAntitrustSettlement.com or by calling toll free 1-888-744-0531.

**For more information, call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com.**

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

IN RE:  CREDIT DEFAULT SWAPS          :
ANTITRUST LITIGATION                :     Master Docket No.:  13 MD 2476 (DLC)
                             :

This Document Relates To:  All Actions   :
                             :
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

**EXHIBIT B**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlements and Providing for Notice to the Settlement Class ("Preliminary Approval Order") of this Court dated _____, 2015, on the Parties' application for approval of settlements, including the Settlement set forth in the Stipulation and Agreement of Settlement with Barclays Bank PLC, dated September 30, 2015 (the "Agreement").  The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4.      The Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any purported co-conspirator, in any Covered Transaction (as defined in Paragraph 2(i) of the Agreement).

> Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of the Agreement) and all of their respective officers, directors, management, employees, current subsidiaries, or affiliates, as well as any Person whose exclusion is mandated by law, provided that the foregoing exclusions shall not cover Investment Vehicles.

5.     The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:  (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action and a class action.

6.     Class Plaintiffs Los Angeles County Employees Retirement Association, Salix Capital US Inc., Value Recovery Fund LLC, Delta Institutional, LP, Delta Onshore, LP, Delta Offshore, Ltd., Delta Pleiades, LP, and Essex Regional Retirement System are certified as Settlement Class representatives.

7.     The law firm of Quinn Emanuel Urquhart & Sullivan, LLP is appointed as Lead Counsel for the Settlement Class and the law firm of Pearson, Simon & Warshaw, LLP is appointed as Co-Lead Counsel for the Settlement Class.  (Together, these firms are referred to herein as "Co-Lead Counsel.").

8.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement on the basis that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).  Moreover, the Court concludes that:

a.      The Settlement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with the assistance of the Hon. Daniel Weinstein (Ret.), a nationally-recognized mediator;

b.      This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

c.      Success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

d.      The Settlement Class Members' reaction to the Settlement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Claims, against Settling Defendant by the Class Plaintiffs and Settlement Class Members are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Agreement and the orders of this Court.

10.     The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class, not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement.  The Opt-Outs may not pursue any Released Claims on behalf of any Releasing Party.  This Final Judgment and Order of Dismissal binds and will forever bind all Settlement Class Members.

11.     Upon the Effective Date of Settlement, each of the Releasing Parties:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such

Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Class Plaintiffs or Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims.

12.     Upon the Effective Date of Settlement, Settling Defendant:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Settling Defendant's Claims against the Releasing Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Settling Defendant's Claim(s) against any of the Releasing Parties; and (iii) agrees and covenants not to sue any of the Releasing Parties with respect to any Settling Defendant's Claims or to assist any third party in commencing or maintaining any suit against any Releasing Party related in any way to any Settling Defendant's Claims.

13.     Upon the Effective Date, claims by (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid in the Action by way of settlement, judgment, or otherwise, are barred.  Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a member of the Settlement Class against any Person subject to this bar order shall be reduced as provided by applicable law.

14.     All rights of any Settlement Class Member against any other Person other than Settling Defendant and the other Released Parties are specifically reserved by Class Plaintiffs and the Settlement Class Members, including against other Defendants to the Action.  CDS

Transactions entered into with Settling Defendant, to the extent permitted and/or authorized by law, and to the extent consistent with the claims asserted in the Action and the definition of any class(es) that may be certified by the Court against other Defendants, remain in the case against the other Defendants in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against the other Defendants in the Action or any other Persons other than the Released Parties.

15.     The mailing and distribution of the Notice to all Settlement Class Members who could be identified through reasonable effort, and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16.     The Plan of Distribution submitted by Co-Lead Counsel is approved as fair and adequate.  The allocation formula has a reasonable, rational basis, was recommended by experienced and competent class counsel, and does not provide favorable treatment to any segment of the Settlement Class.

17.     Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Agreement may be filed in an action to enforce or interpret the terms of the Agreement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good

6

faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) implementation of the Settlement; (b) any award, distribution, or disposition of the Settlement Fund, including interested earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Agreement.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 3(b), 10, 11(c), and 15 of the Agreement shall nonetheless survive and continue to be of effect and have binding force.

20.     The Parties are directed to consummate the Settlement according to their terms. Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

21.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.

DATED: _____, 2016          _____
                                        HON. DENISE L. COTE
                                        UNITED STATES DISTRICT JUDGE