# Exhibit 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
:
:
:
IN RE:  CREDIT DEFAULT SWAPS         :
ANTITRUST LITIGATION                 :   Master Docket No.:  13 MD 2476 (DLC)
:
This Document Relates To:  All Actions :
:
:
:
------------------------------------x

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND**
**PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

1

WHEREAS, an action is pending before this Court styled *In re Credit Default Swaps Antitrust Litigation*, Master Docket No. 13 MD 2476 (DLC) (the "Action");

WHEREAS, Co-Lead Counsel have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving settlements of the Action, in accordance with individual Stipulations and Agreements of Settlement with all Defendants dated September 30, 2015 (the "Agreements") including Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC; Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit") (the "Settling Defendants").  The Agreements, together with the exhibits annexed thereto, set forth the terms and conditions for settlements of the Action against Settling Defendants and for dismissal of the Action against Settling Defendants with prejudice upon the terms and conditions set forth therein;

WHEREAS the Court has read and considered the Agreements and the exhibits annexed thereto; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Agreements, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Agreements and the Settlements set forth therein, subject to further consideration at the Fairness Hearing described below.

2. A hearing (the "Fairness Hearing") shall be held before the Court on _____, 2016, at __:___ _.m.,[1] at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312 to determine:  (a) whether the Court should certify the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (b) whether the Settlements of the Action on the terms and conditions provided for in the Agreements are fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (c) whether a Final Judgment and Order of Dismissal as provided for in the Agreements should be entered; (d) whether the proposed Plan of Distribution should be approved; (e) whether Co-Lead Counsel's application to the Court for an award of attorneys' fees and expenses and incentive awards to the Class Plaintiffs[2] for their representation of the Class in this Action (the "Fee and Expense Application") should be granted; and (f) such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlements, a Settlement Class defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any purported co-conspirator, in any Covered Transaction (as defined in Paragraph 2(i) of the Agreements).
>
> Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of the Agreements) and all of their respective officers, directors, management, employees, current subsidiaries, or affiliates, as well as any Person whose exclusion is mandated by law, provided that the foregoing exclusions shall not cover Investment Vehicles.

---

[1] [Given the various deadlines, Plaintiffs respectfully request that the Fairness Hearing be set for a date no earlier than 135 days after the entry of the [Proposed] Order Preliminarily Approving Settlements and Providing for Notice to the Settlement Class].

[2] Class Plaintiffs are Plaintiffs Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP.; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

4. The Court preliminarily finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action and a class action.

5. Class Plaintiffs are preliminarily certified, solely for purposes of effecting the Settlements, as Settlement Class representatives. The law firm of Quinn Emanuel Urquhart & Sullivan, LLP is preliminarily appointed as Lead Counsel for the Settlement Class and the law firm of Pearson, Simon & Warshaw, LLP is preliminarily appointed as Co-Lead Counsel for the Settlement Class. (Together, these firms are referred to herein as "Co-Lead Counsel.")

6. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice") and the Summary Notice for publication, annexed respectively, as Exhibit A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner and form set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

      7.      The Court appoints Garden City Group as the Claims Administrator to supervise and administer the dissemination of notice and to process the claims as more fully set forth below:

      a.      Not later than ninety (90) days from the entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed by first-class domestic or international mail, as applicable, to all members of the Settlement Class who can be identified with reasonable effort;

      b.      Not later than one hundred (100) days from the entry of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in the national and global (Europe and Asia) editions of The Wall Street Journal, once in Investor's Business Daily, and once over PR Newswire; and

      c.      Not later than ninety (90) days from the entry of this Order, Co-Lead Counsel shall establish and maintain, or cause to be established and maintained, a dedicated website from which each member of the Settlement Class can view and download relevant documents, including the Notice, Summary Notice, Plan of Distribution, and Second Consolidated Amended Class Action Complaint.

      8.      Settling Defendants shall supply to Co-Lead Counsel in electronic format information that may assist in identifying Settlement Class Members, including names and addresses in their possession, custody or control, that is reasonably available to them, and the retrieval and disclosure of which is clearly permitted by law and would not constitute a substantial burden or expense, for purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements, all of which information shall be governed by the Stipulated Protective Order entered in the Action on September 18, 2014 (ECF No. 331) and used only for the purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements.

9. All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund. In no event shall Settling Defendants bear any responsibility for such fees, costs, or expenses except as otherwise provided in the Agreements.

10. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the Settlement Class.

11. Any and all distributions to eligible Settlement Class Members shall be made pursuant to the Plan of Distribution, as finally approved by the Court, to those Settlement Class Members who submit a valid proof of claim form.

    a. Settlement Class Members who wish to participate in the Settlements must complete and submit a valid proof of claim form, in accordance with the instructions contained therein. All proof of claim forms shall include, *inter alia*, an acknowledgement of, and agreement to, the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized Person.

    b. Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

    c. Unless the Court orders otherwise, all proof of claim forms must be postmarked by or before one hundred and fifty (150) days from the date that Notice is mailed to Settlement Class Members pursuant to Paragraph 7.a. above.

    d. All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Agreements and the Settlements, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the

releases provided for in the Agreements, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

12. Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice. Any Person who files such a request shall be excluded from the Settlement Class, shall have no rights with respect to the Settlements, shall receive no payment from the sums provided for as part of the Settlements, and shall be deemed to have excluded itself from the Action for all purposes, including but not limited to any and all future prosecution of the Action and any and all other settlements reached in connection with the Action. A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants or any of their respective affiliates, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Credit Default Swaps Antitrust Litigation.*" To be valid, the request must be mailed to the address provided in the Notice and postmarked not less than 42 days prior to _____ [*i.e.*, the date of the Fairness Hearing]. A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements set forth in the Agreements, if approved.

13. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Settlements, the Plan of Distribution, or the Fee and Expense Application may appear in person or through counsel, at his, her, or its own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and

relevant.  However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be received and considered by the Court, unless such Settlement Class Member properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Settlement Class Member desires the Court to consider.  Such a written objection must be both filed with the Court and mailed to Co-Lead Counsel and Settling Defendant's Counsel on or before _____ [at least 42 days prior to the Fairness Hearing].  Co-Lead Counsel and Settling Defendants shall file any papers in response to any such objection or otherwise in further support of the Settlements within seven (7) days of the Fairness Hearing.

14. Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

15. The Court appoints Signature Bank as the Escrow Agent who shall administer the Settlement Fund, and, absent further order of the Court, have the duties and responsibilities in such capacity that are set forth in the Agreements.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreements and/or further order(s) of the Court.

16. All papers in support of the Fee and Expense Application shall be filed and served no later than _____ [30 days before the objection deadline], and any reply papers shall be filed and served no later than _____ [7 days prior to the Fairness Hearing].  All papers in support of the Settlements and the proposed Plan of Distribution shall be filed and served no later than _____ [14 days before the Fairness Hearing].

17. At or after the Fairness Hearing, the Court shall determine whether the Agreements and Settlements, the proposed Plan of Distribution, and the Fee and Expense Application should be finally approved.  The Court shall consider the proposed Plan of Distribution and the Fee and Expense Application separately from the fairness, reasonableness, and adequacy of the Settlements, and any decisions by the Court concerning the proposed Plan of Distribution and the Fee and Expense Application shall not affect the validity or finality of the proposed Settlements.

18. Neither Settling Defendants nor any of the Released Parties shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; (vi) the solicitation, review, or evaluation of proofs of claim; or (vii) awards made pursuant to the Fee and Expense Application.

19. All reasonable expenses incurred in identifying and notifying potential Settlement Class members as well as administering the Settlement Fund shall be paid as set forth in the Agreements.  If the Court does not approve the Settlements, or it otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 9 of the Agreements.

20. Settling Defendants have denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Agreements constitutes an admission by Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendants, or the appropriateness of

9

certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only.

21. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlements. To the extent practicable, Co-Lead Counsel shall cause the Claims Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website. The Court may approve the Settlements or the Plan of Distribution, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

22. All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with their terms. Pending final determination of whether the Settlements should be approved, neither Class Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Claims against any of the Released Parties.

23. In the event one or more of the Settlements is terminated, then the Parties to such terminated Settlement(s) shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and the Parties to the terminated Settlement(s) shall proceed in all respects as if the terminated Agreement(s) and any related orders had not been entered; provided, however, that in the event of termination of a Settlement, Paragraphs 3(b), 10, 11(c), and 15 shall nonetheless survive and continue to be of effect and have binding force.

IT IS SO ORDERED.

DATED: _____, 2015                    _____
                                                                          HON. DENISE L. COTE
                                                                         UNITED STATES DISTRICT JUDGE